**LOCAL UNION NO. 38, SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, AFL–CIO, Plaintiff–Appellee,**

v.

**HOLLYWOOD HEATING & COOLING, INC., Defendant–Appellant.**

**No. 00–7415.**

United States Court of Appeals, Second Circuit.

Jan. 5, 2001.

Steven Felsenfeld, Wappingers Falls, NY, for defendant-appellant.

Jeffrey S. Dubin, Huntington, NY, for plaintiff-appellee.

Present POOLER and SACK, Circuit Judges, MARTIN *, District Judge.

* John S. Martin, Jr., United States District Court Judge for the Southern District of New York, sitting by designation.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Hollywood appeals from the March 17, 2000, judgment of the United States District Court for the Southern District of New York (McMahon, *J.*) granting Local 38's motion for summary judgment and confirming three arbitration awards by the Local Joint Adjustment Board ("LJAB") and National Joint Adjustment Board ("NJAB") against the company. Two of the awards ordered Hollywood to pay the union $18,657.60 and $36,405.60 in damages, and one of the awards ordered Hollywood to execute a collective bargaining agreement with the union effective July 1, 1999, through April 30, 2002. In a thorough written decision, Judge McMahon held that the arbitrators acted within the scope of their authority and that the contract between Hollywood and Local 38 justified the arbitration awards. *Local Union No. 38 v. Hollywood Heating & Cooling, Inc.*, 88 F.Supp.2d 246 (S.D.N.Y. 2000). The two appeals stemming from the district court's decision are consolidated.

With respect to both appeals, Hollywood argues that the arbitration awards are unenforceable because no valid underlying contract existed. Defendant variously contends that the union coerced it into signing the agreement on September 9, 1997, that the employer effectively repudiated the agreement orally several times and in writing on July 17, 1998, and that the union obtained the agreement by fraud. Hollywood's arguments going to the validity of the contract are unavailing. It is within the province of the courts to decide issues of arbitrability, such as whether the parties agreed to arbitrate a particular grievance. *See Transit Mix Concrete Corp. v. Local Union No. 282, Int'l Bhd. of Teamsters*, 809 F.2d 963, 967 (2d Cir.1987). However, the court may not rule on the potential merits of the claims, *see id.*, and its review of awards resulting from the arbitration process is narrow. *See Wackenhut Corp. v. Amalgamated Local 515*, 126 F.3d 29, 31–32 (2d Cir.1997). Hollywood failed to raise issues of arbitrability in federal court by seeking a stay of arbitration or otherwise challenging the authority of the LJAB or NJAB to hear its disputes with Local 38. The employer attended one of the three hearings and received notice of all three hearings. Hollywood failed to raise its repudiation defense at the arbitration hearings. That defense was therefore waived. *See Europcar Italia, S.p.A. v.. Maiellano Tours, Inc.*, 156 F.3d 310, 315 (2d Cir.1998) (issues not raised before the arbitrator are generally waived). Hollywood also failed to litigate before the arbitrators the issues of coercion and fraudulent inducement, which are "matter[s] to be determined exclusively by the arbitrators." *Id.* Moreover, Hollywood's claims that the collective bargaining agreement was coerced and was fraudulently induced in violation of the National Labor Relations Act ("NLRA") are barred because Hollywood failed to challenge the agreement within the NLRA's six-month statute of limitations. *See* 29 U.S.C. § 160(b); *see also I.B.E.W. Sys. Council U–7 v. New York State Elec. & Gas Corp.*, 180 F.3d 368, 370 (2d Cir.1999) (applying NLRA statute of limitations to an action to compel arbitration). Hollywood's argument that the statute of limitations should be tolled because it did not discover the fraud until ten months after the agreement was signed is unavailing, because the alleged misrepresentations involved legal and factual information that Hollywood could have and should have obtained from

other sources. *See Truck Drivers & Helpers Union, Local No. 170 v. NLRB*, 993 F.2d 990, 998 (1st Cir.1993) (statute of limitations will not be tolled unless party exercises "due diligence").

■ In a related argument, Hollywood contends that arbitration was not available to the union in the proceeding concerning renewal of the contract because Local 38 failed to serve a notice of reopening 90 days before the contract expiration date of June 30, 1999. According to defendant, because the union filed a notice of reopening 88 days prior to contract expiration, the contract and its arbitration clause ceased to exist. The contract provision upon which Hollywood relies, however, calls at worst for the automatic renewal—not the expiration—of the existing contract if neither party serves a notice of reopening. Therefore, a contract clearly was in force at the time of the NJAB arbitration. As discussed more fully below, the NJAB decision that Local 38's notice was timely draws its essence from the contract and is a colorable finding of fact.

■ Looking to the merits of the three arbitration awards, courts accord a high degree of deference to arbitrators. We must determine whether the arbitrator acted within the scope of his authority. *See Local 1199, Drug, Hosp. & Health Care Employees Union v. Brooks Drug Co.*, 956 F.2d 22, 25 (2d Cir.1992). We ask only "whether the arbitrator's award draws its essence from the collective bargaining agreement, since the arbitrator is not free merely to dispense his own brand of industrial justice." *Wackenhut*, 126 F.3d at 31 (quotation marks and citation omitted). We will uphold arbitration awards as long as they have "even a barely colorable justification." *Id.* (quotation marks and citation omitted). Courts must confirm even those awards it views as incorrect as long as they are "plausibly grounded" in the parties' contract. *Local 97, Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 125 (2d Cir.1999) (quotation marks and citation omitted). The contract at issue here calls for the arbitration that took place, and the awards draw their essence from the agreement. With respect to the two damage awards, the LJAB found that Hollywood violated explicit contract provisions by hiring non-union workers. With respect to the award extending the contract between the parties, the NJAB interpreted the contract to find that Local 38 served a timely notice of reopening and that negotiations between the parties were at impasse. The district court properly confirmed the arbitration awards at issue.

■ Hollywood next contends that the underlying awards resulting in money damages were invalid because a member of the LJAB panel also was the local union president and this person acted with evident partiality in Local 38's favor. In order to prevail on this claim, Hollywood must show more than an appearance of bias and must demonstrate that "a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." *Local 814, Int'l Bhd. of Teamsters v. J & B Sys. Installers & Moving, Inc.*, 878 F.2d 38, 40 (2d Cir.1989) (*per curiam*) (citation omitted). Defendant's affidavit describing the alleged swearing and screaming of one member of the arbitration panel failed to raise an issue of fact regarding evident partiality.

■ Hollywood also argues that the decision of the National Labor Relations Board ("NLRB") not to institute an unfair labor practice complaint against Local 38 has no *res judicata* effect in federal court. Hollywood filed a complaint with the NLRB raising many of the coercion issues it raised in federal court. The NLRB's

**34**

acting regional director declined to issue a complaint, partly on statute of limitations grounds, and the NLRB's general counsel rejected Hollywood's appeal. While it is true that the decision of the NLRB regional director not to bring unfair labor practice charges has no collateral effects in federal court, *see Local One Amalgamated Lithographers of Am. v. Stearns & Beale, Inc.*, 812 F.2d 763, 767 (2d Cir.1987), we decline to essentially review the NLRB's determination in this case. As noted above, Hollywood failed to properly present its coercion arguments in any forum. Raising those same arguments in the guise of an indirect challenge to the NLRB's determination is unavailing.

Finally, Hollywood contends that it is entitled to raise various affirmative defenses and counterclaims because its time to answer plaintiff's complaint has not expired. Defendant states that because the district court never ruled on its motion to dismiss or conducted a conference regarding motion practice, Hollywood has not lost its opportunity to assert claims against the union. This argument is without merit. Hollywood disingenuously states that the district court failed to rule on a pending motion to dismiss, but the court granted the alternative relief of a stay while NLRB proceedings were pending. In the parallel lawsuit, the employer agreed to treat its pre-answer motion to dismiss as one for summary judgment. The district court did not deprive defendant of any opportunity to present its defenses or counterclaims. As noted above, Hollywood failed to timely raise issues of arbitrability.

We have considered all of defendant-appellant's remaining arguments and find them to be without merit.